CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER J. GIBSON,<br>Plaintiff, | Civil Action No. 7:05cv00743 |
| v. | **MEMORANDUM OPINION**<br>**AND ORDER** |
| UNITED STATES OF AMERICA,<br>Defendants. | By: Samuel G. Wilson<br>United States District Judge |

This matter is before the court upon petitioner's letter, which the court will construe as a motion for preliminary injunctive relief. Gibson requests that this court order prison officials to give him in-cell access to an IBM typewriter so that he may work on his pleadings when the law library is closed, to allow him Internet access to a legal research system, and to allow him "help from those who are trained in the law" and a "law firm setting" in which to meet. In support of this motion, plaintiff alleges that the institution in which he is housed has only has six operating typewriters and eight operating computers, that there are limited legal research materials in the institutional law library, and that the prison law clerks are not trained in the law and, thus, cannot provide him with any help.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). As this court does not require that pro se pleadings be typewritten, the court finds that limited access to computers or typewriters will not impede Gibson's ability to access the courts. Further, as petitioner admits that he has access to written legal research

materials and has failed to present any evidence which reasonably suggests that those materials are insufficient to prepare his pleadings in this matter, the court finds that he has failed to demonstrate any harm posed by his lack of Internet access. As to petitioner's request for counsel and/or assistance in preparing his pleadings and his request for a "law firm setting" for meetings, the court finds that petitioner has not shown adequate cause for appointment of counsel in the sense contemplated by Cook v. Bounds, 518 F.2d 779 (1975) (holding that only under the most exceptional circumstances should a district court request an attorney to represent an indigent litigant in a civil case). Accordingly, it is **ORDERED** that Gibson's motion for a preliminary injunction and for appointment of counsel is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 2~/ of ~~January~~ Feb, 2006.

UNITED STATES DISTRICT JUDGE

2