IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 12 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| CHRISTOPHER J. GIBSON,<br>Petitioner, | Civil Action No. 7:05cv00743 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Christopher J. Gibson, filed this 28 U.S.C. § 2255 motion challenging his 151 month sentence for manufacturing and distributing more than fifty grams of methamphetamine. Gibson maintains that he is actually innocent of the charge, that his counsel was ineffective, that police and the government violated his constitutional rights during the investigation and prosecution, and that he did not voluntarily and knowingly enter his guilty plea. This matter is before the court on the Respondent's motion to dismiss.[1] The court finds that Gibson knowingly and voluntarily waived his right to collaterally attack his sentence and accordingly grants the respondent's motion to dismiss.

I.

A grand jury indicted Gibson on a four count indictment for knowingly and willfully conspiring to manufacture, distribute, and possess with intent to distribute a mixture or substance containing five hundred grams of methamphetamine; knowingly and intentionally manufacturing, possessing with the intent to distribute, and distributing, a mixture or substance containing more

---

[1] The court notes that Petitioner filed a motion for summary judgment asserting that he is entitled to judgment as a matter of law because the respondents failed to file a timely response to his motion for relief under 28 U.S.C. § 2255. However, as the court finds that the respondent filed a timely response to his petition, the court finds that this argument lacks merit and need not be further addressed.

than fifty grams of methamphetamine; and two counts of knowingly and intentionally manufacturing, possessing with the intent to distribute, and distributing, a mixture or substance containing a measurable quantity of methamphetamine. Pursuant to a written plea agreement, Gibson pled guilty to knowingly and intentionally manufacturing, possessing with the intent to distribute, and distributing, a mixture or substance containing more than fifty grams of methamphetamine, and all other counts of the indictment were dismissed. The plea agreement contained a waiver of the right to appeal as to all issues in the case, a waiver of the right to collaterally attack the judgment and sentence imposed by the court, and a waiver of any ineffective assistance claims.

During the plea colloquy, Gibson, among other things, stated under oath that he had received a copy of the indictment, that he had discussed the charges and his case with counsel, that he was "definitely" satisfied with his counsel's representation, that he had read the entire plea agreement before he signed it, that he understood everything in the agreement, that no one had made any offers or different promises or assurances to him to induce entry of the plea, that no one had forced him to enter the guilty plea, that he understood the maximum penalties for the offenses charged, that he was waiving his right to appeal and to collaterally attack his sentence, and that his plea was knowing and voluntary. Additionally, after hearing a summary of the government's evidence against him, Gibson did not challenge or question the validity or substance of that evidence. Finding that Gibson was fully competent and capable of entering an informed plea and that Gibson's guilty plea was knowing and voluntary, the court accepted his plea, and, ultimately, sentenced him to 151 months. Gibson then filed the current petition.

## II.

2

A waiver of the right to collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005). Thus, so long as Gibson's plea agreement and the accompanying waiver of collateral attack were knowing and voluntary, Gibson may not raise his claims in a § 2255 petition. Gibson claims, though, that his plea agreement and waiver were not knowing and voluntary and that he entered them as a result of his attorney's ineffective assistance and his own lack of understanding of the plea provisions and evidence against him. These claims contrast sharply with the statements Gibson made during his plea colloquy, when he affirmed that he completely understood the terms of the plea agreement, that he was entering the plea knowingly and voluntarily, that he was completely and "definitely" satisfied with his attorney's representation, and that he did not challenge the government's evidence against him. Therefore, the court finds Gibson's challenges to his plea to be "palpably incredible and patently frivolous or false." Id. at 222-23. Gibson waived his right to collaterally attack his conviction as part of a knowing and voluntary plea agreement; accordingly, the court dismisses his § 2255 petition.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

ENTER: This 12th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

3